## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: BLUE CROSS BLUE SHIELD
ANTITRUST LITIGATION                                       MDL No. 2406

### TRANSFER ORDER

**Before the Panel**: Plaintiff Anesthesia Associates of Ann Arbor PLLC (A4) in an Eastern District of Michigan action (*A4*), which is listed on the attached Schedule A, moves under Panel Rule 7.1 to vacate our order conditionally transferring *A4* to MDL No. 2406. Defendant Blue Cross Blue Shield of Michigan (BCBSMI) opposes the motion.

After considering the arguments of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 2406, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer is warranted for the reasons set forth in our initial order establishing this MDL docket, which is comprised of actions involving factual questions regarding "the licensing agreements between and among the Blue Cross Blue Shield Association (BCBSA) and its 38 licensees (Blue Plans)." *In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1374 (J.P.M.L. 2012). There are two categories of MDL plaintiffs, health insurance subscribers and healthcare providers, both of which "contend that the 38 Blue Plans are independent health insurance companies that, but for any agreement to the contrary, could and would compete with one another." *Id.* at 1375. Plaintiffs in *A4* are anesthesia providers in Michigan, and their action thus falls within the MDL's ambit.

Plaintiff A4 is a member of the MDL's putative provider class. Transfer of *A4* places the action before the transferee judge at a time when the provider track motion for class certification and other important motions are under submission. Transfer allows the parties to participate in settlement discussions, realize efficiencies from the transferee court's management of overlapping actions, integrate MDL discovery with discovery in *A4*, and as a general matter to take advantage of the transferee court's expertise in the issues that have been raised in this exceedingly complex antitrust litigation.

Plaintiff A4 opposes transfer, arguing that both the MDL and *A4* are too advanced to justify including *A4* in the MDL. We do not find these arguments persuasive. While the transferee court instructed the parties in May 2022 to begin to think about what suggestions of remand may look like in non-national and non-Alabama provider cases, it has not yet begun remanding cases. Although the transferor court has issued several decisions on motions to dismiss, the *A4* action remains at a

- 2 -

relatively early stage and discovery has not commenced. If the pending Rule 54(b) motions remain undecided after the action is transferred, then the transferee judge can rule upon them, as he would with any pending motion in a transferred case.

Though we deny the motion to vacate, we note that we are mindful that "the relative merits of transferring new tag-along actions to an ongoing MDL can change over time as the transferee court completes its primary tasks and cases already in the centralized proceedings progress toward trial or other resolution." *In re Rail Freight Fuel Surcharge Antitrust Litig. (No. II)*, 437 F. Supp. 3d 1365, 1366 (J.P.M.L. 2020). If the transferee court decides that individual provider actions may proceed more efficiently in their respective transferor courts than in the transferee court, Section 1407 remand of *A4* or any other action can be accomplished with a minimum of delay. *See* Panel Rules 10.1-10.3.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Alabama and, with the consent of that court, assigned to the Honorable R. David Proctor for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: BLUE CROSS BLUE SHIELD
ANTITRUST LITIGATION**          MDL No. 2406

## SCHEDULE A

<u>Eastern District of Michigan</u>

ANESTHESIA ASSOCIATES OF ANN ARBOR PLLC V. BLUE CROSS
    BLUE SHIELD OF MICHIGAN, C.A. No. 2:20−12916